UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO:

CHARLOTTE MCMILLIAN

    Plaintiff,

    v.

BARNES DRUG STORES OF
VALDOSTA, INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLOTTE MCMILLIAN ("Plaintiff"), pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("the FMLA"), files her Complaint for Damages and Demand for Jury Trial against Defendant, BARNES DRUG STORES OF VALDOSTA, INC. ("Defendant"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Alachua County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant is a foreign for-profit corporation with its registered principal business address at 200 South Patterson Street, Valdosta, GA 31601.

3. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) attempted to take leave for a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to exercising her right to FMLA leave.

4. Furthermore, at all times material hereto, Defendant employed 50 or more employees within 75 miles of the worksite where Plaintiff worked for Defendant.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place within Alachua County, Florida, within the jurisdiction of this Honorable Court.

6. Jurisdiction is proper within the Northern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper within the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Defendant is a healthcare company that has been operating since the year 1909. *See https://www.barneshc.com/about* (last visited August 1, 2022).

9. Defendant employs nearly 300 employees at various locations throughout Georgia and Florida. *See https://www.barneshc.com/about* (last visited August 1, 2022).

10. Defendant provides the following products and services to its customers: (1) respiratory and home medical equipment and services; (2) nutrition therapy; (3) infusion therapy; and (4) community and infusion pharmacy services.

11. Defendant hired Plaintiff as a Territory Manager in January 2006.

12. Defendant recognized Plaintiff as the top performing Territory Manger from the years 2012 - 2018.

13. Because of her excellent job performance, Defendant promoted Plaintiff to be its Director of Sales in or around May 2019.

14. As the Director of Sales, Plaintiff supervised a team of about 28 people and reported directly to Monty Pickren (hereafter "Monty"), Defendant's Chief Operating Officer ("COO").

15. At all times material hereto, Plaintiff was qualified for her job position. Plaintiff had no history of disciplinary actions, corrective actions or any performance issues during her nearly 17-years of employment with Defendant.

16. In fact, Plaintiff was consistently a top performing employee during her long tenure with Defendant.

17. Unfortunately, Plaintiff was diagnosed with Ovarian Cancer on Thursday, July 14, 2022.

18. Plaintiff had an in-person meeting with Monty on Monday, July 18, 2022, to advise the company of her serious health condition and diagnosis.

19. Plaintiff advised Monty that she expected to have a detailed care plan from her medical team shortly and that she would update the company as soon as she obtained additional information.

20. On July 19, 2022, Plaintiff met with Stephanie Sipher from the Human Resources Department ("HR") to discuss her diagnosis, probable treatment, benefits and the need for workplace accommodations.

21. At the July 19, 2022, meeting, Plaintiff advised HR that her medical team would not know the stage of the cancer until they performed investigative surgery and that she was going to have surgery within a few weeks.

22. Plaintiff reached out to Monty and the HR Department on July 21, 2022, to provide them with an update on her medical plan.

23. On July 21, 2022, Plaintiff advised Defendant that she would be incapacitated following her scheduled inpatient surgery to treat her cancer that was to occur on August 5, 2022, which would require her absence from work for at least a week.

24. However, on July 25, 2022, Plaintiff received an email that she needed to meet Monty and the HR Department at Defendant's Gainesville office, located at 1700 NW 80th Blvd., Gainesville, FL 32607.

25. At 1:30 pm on July 25, 2022, after nearly 17 years of employment and just 11-days before her scheduled surgery, Defendant terminated Plaintiff.

26. The Human Resources Department and Monty offered Plaintiff no valid reason whatsoever for her abrupt termination.

27. Plaintiff's ovarian cancer is a serious health condition under the FMLA.

28. Plaintiff fully complied with her obligation to provide Defendant with timely notice of her need for FMLA leave.  Accordingly, Plaintiff was entitled to the full protection of the FMLA, including restoration to her position upon returning from leave and protection from retaliation.

29. The temporal proximity of Plaintiff's request for FMLA leave and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

30. As a result of this illegal termination, Plaintiff suffered damages, including loss of her opportunity to earn employment wages, benefits, and other remuneration to which she was entitled.

31. Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for seeking FMLA leave.

32. Defendant's FMLA retaliation against Plaintiff was intentional and/or purposeful.

33. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34. Plaintiff has attempted to mitigate her damages but has been unable to find comparable employment since her unlawful termination.

## COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA

35. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 34 above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. Defendant was aware of Plaintiff's serious health condition on July 14, 2022, July 19, 2022 and July 21, 2022.

38. Defendant was aware that Plaintiff was scheduled for surgery on August 5, 2022 before it decided to terminate Plaintiff.

39. Defendant advised Plaintiff that it was going to accommodate her surgery but failed to provide Plaintiff with notice of her protected rights under the FMLA.

40. Defendant denied Plaintiff the benefit of protected leave under the FMLA.

41. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA protected leave.

42. As a result of Defendant's intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, CHARLOTTE MCMILLIAN, demands judgment against Defendant, BARNES DRUG STORES OF VALDOSTA, INC., and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA

44. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 34 above.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

47. Defendant was aware that Plaintiff requested leave for her serious health condition before her termination on July 25, 2022.

48. Defendant was also aware that Plaintiff was schedule for surgery on August 5, 2022 before Defendant decided to terminate Plaintiff.

49. Defendant retaliated against Plaintiff for requesting leave for her surgery when Defendant terminated Plaintiff on July 25, 2022.

50. Defendant terminated Plaintiff just days after learning of her scheduled surgery on August 5, 2022.

51. More specifically, Defendant's termination of Plaintiff was just 4-days after Defendant learned of Plaintiff's need for FMLA leave for her serious health condition and only 11-days before her scheduled surgery.

52. Defendant does not have a lawful reason for terminating Plaintiff, and any alleged lawful reason Defendant furnishes for Plaintiff's termination is pretextual.

53. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to take leave pursuant to the FMLA.

54. As a result of Defendant's intentional, willful and unlawful retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages.

55. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, CHARLOTTE MCMILLIAN, demands judgment against Defendant, BARNES DRUG STORES OF VALDOSTA, INC., and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CHARLOTTE MCMILLIAN, hereby demands a trial by jury on all appropriate claims.

**Dated: August 2, 2022**

                        Respectfully Submitted,

                        **USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

                        By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 2, 2022.

                        By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: